No. 231.

BOROUGH OF CLOSTER, PROSECUTOR, v. STATE BOARD OF
TAXES AND ASSESSMENT AND HACKENSACK WATER
COMPANY, DEFENDANTS.

No. 232.

BOROUGH OF HAWORTH, PROSECUTOR, v. STATE BOARD
OF TAXES AND ASSESSMENT ET AL., DEFENDANTS.

No. 233.

BOROUGH OF EMERSON, PROSECUTOR, v. STATE BOARD
OF TAXES AND ASSESSMENT ET AL., DEFENDANTS.

Argued October 5, 1926—Decided January 19, 1927.

**Taxes and Assessments—Taxes Assessed by Three Boroughs
Against a Water Company—State Board Held Them to be
Duplicate Assessments, and Whose Findings are Concurred
in and Certiorari in Each Case Discharged.**

On rule to show cause.   On *certiorari*.

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutors, *F. Hamilton Reeve* and *Frank H. Hennessy*.

For the defendants, *Wright, Vander Burgh & McCarthy*.

PER CURIAM.

Rules to show cause were allowed in each of the three cases
why a writ of *certiorari* should not issue to review the judgment of the state board of taxes and assessment cancelling

the assessments levied against the Hackensack Water Company by each of the three boroughs, viz.: By the borough of Closter an assessment of $80,000, called reservoir, intake and improvements. By the borough of Haworth an assessment of $117,700, called reservoir and intake. By the borough of Emerson an assessment of $150,000, called reservoir and improvements. These assessments were canceled by the state board of taxes and assessment on the ground that they were duplicate assessments. With this conclusion of the state board we agree. The state board filed a memorandum stating its reasons for the action taken. That memorandum in part is as follows: "We are now asked by the respondent to add this assessment [*i. e.*, the borough of Closter] to the value of the lands already assessed and on which taxes have been paid. This should not be done, as there is nothing before us to indicate whether or not such a course would increase the assessment of the lands beyond their true value. There was no testimony taken relative to the value of these lands. The appellant contends that we are dealing with a duplicate assessment, while the respondent insists that the board should correct the misnomer, revise the assessment and add the amount in dispute to the assessed value of the land. We prefer to regard this assessment as a duplication, with the result that it is canceled and the action of the Bergen county board of taxation reversed." We concur in the above reasons of the state board. Hence, the judgment in each of the three cases is affirmed and the rule to show cause why a *certiorari* should not issue heretofore granted in each case is discharged.